IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THEDA PRYOR,

        Plaintiff,

vs.

ERIC K. SHINSEKI, Secretary,
U.S. Department of Veterans Affairs,

        Defendant.

CASE NO. 3:13-cv-1438-J-99TJC-JRK

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, THEDA PRYOR, (hereinafter "Plaintiff," or "PRYOR"), by and through the undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendant, ERIC SHINSEKI, SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, (hereinafter "Defendant," or "VA"), and states:

### JURISDICTION

1.      PRYOR invokes this Court's jurisdiction under 42 U.S.C. § 1343 on grounds that this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*., as amended by the Civil Rights Act of 1991, which prohibits discrimination based on race and reprisal.

2.      The venue of this action is properly placed in the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this claim occurred within this district, in Lake City, Columbia County, Florida.

3.      At all times relevant, PRYOR was employed by VA.

## PARTIES

4.      The Plaintiff is THEDA PRYOR, an African-American, female citizen of the United States. At all times relevant to this Verified Complaint, PRYOR is and was a resident of 5151 NE Dusty Miller Avenue, Pinetta, Madison County, Florida, 32350-2935.

5.      At all times relevant, PRYOR was an employee as defined by Title VII, 42 U.S.C. § 2000(e)(f).

## ADMINISTRATIVE PREREQUISITES

6.      On March 12, 2012, Pryor filed an EEO complaint alleging her termination from employment was based on racial discrimination and reprisal. On June 28, 2013, PRYOR requested the Final Agency Decision. A copy of the letter of request is attached hereto as Plaintiff's Exhibit "A." The Final Agency Decision (FAD), was issued on October 23, 2013.

## STATEMENT OF THE FACTS

7.      PRYOR began her career with the United States government in 1988, as a Clinical Nurse.

8.     In January of 2007, PRYOR began employment at the Lake City VA Medical Center Agency, as a Clinical Nurse Educator.

9.     In or around July of 2007, Karen Conrey, a Caucasian female, began employment at the Lake City VA Medical Agency, as a Nurse Manager for Ambulatory Care.

10.     On November 26, 2007, PRYOR complained to Darlene Perryman, a Caucasian female, Chief Nurse of Ambulatory Care Services, that on October 26, 2007, Conrey had called PRYOR a "black bitch." Perryman took no corrective action.

11.     On December 3, 2007, PRYOR filed a Charge of Discrimination with the EEO alleging racial discrimination against Conrey.

12.     On March 20, 2008, PRYOR filed a Charge of Discrimination with the EEO alleging racial discrimination, harassment, and reprisal against Perryman, for PRYOR's previous, protected activity.

13.     On July 1, 2008, PRYOR informed Perryman that PRYOR's workplace was unfit and was beginning to cause physical pain.

14.     On July 14, 2008, an ergonomic evaluation was performed on PRYOR's workplace, which is no more than a 3-foot wide closet. The workplace was deemed unfit.

15.     On September 19, 2008, Perryman approved PRYOR's request to attend a conference on October 17, 2008. Again, on October 3, 2008, Perryman confirmed the decision; however, on October 17, 2008, Perryman improperly classified PRYOR as Absent Without Official Leave ("AWOL"), costing PRYOR 8-hours worth of compensation.

16.     On October 20, 2008, Perryman refused to allow PRYOR to leave work for a few hours due to a death in PRYOR's family. Previously, Perryman has allowed Caucasian employees to leave work for this very purpose.

17.     On October 24, 2008, Perryman assaulted PRYOR by throwing a letter at her.

18.     On November 13, 2008, PRYOR participated in an EEOC proceeding against the VA, Agency Case No. 2001-0573-2008102322/2001-0573-2008100823.

19.     On December 12, 2008, Perryman put PRYOR on a Pre-Performance Improvement Plan. PRYOR received no counseling before this action was taken.

20.     On January 22, 2009, Perryman proposed that PRYOR receive a 5-day suspension.

21.     On March 6, 2009, Perryman told PRYOR via email that PRYOR could not have representation present at the upcoming Performance Improvement Plan.

22.     On April 2, 2009, PRYOR filed a Charge of Discrimination with the EEO against Perryman for trying to terminate PRYOR's employment based on known falsehoods.

23.     On June 19, 2009, Perryman told PRYOR that if she could not have PRYOR fired for conduct, Perryman would see that PRYOR's employment was terminated based on performance evaluations. Also, Perryman told PRYOR that PRYOR would never be getting any bonuses or raises from Perryman.

24.     On July 27, 2009, PRYOR participated in an EEO proceeding against VA, Agency Case No. 2001-0573-2009101823.

4

25.     On August 6, 2009, a co-worker informed PRYOR that Conrey had asked the co-worker to write a negative report of contact against PRYOR in exchange for Conrey putting in a good work to management on behalf of the co-worker.

26.     On September 3, 2009, Perryman physically assaulted PRYOR by swinging her fist into PRYOR's back.  PRYOR visited the Employee Health Center because of this attack.

27.     On September 30, 2009, Perryman issued a proposal to terminate PRYOR's employment.

28.     In November and December of 2009, Perryman disapproved all of PRYOR's time submissions for vacation, saying it was "too early."  Perryman approved Caucasian employees' requests at this time.

29.     On December 10, 2009, PRYOR filed a Charge of Discrimination against Perryman on the bases of racial discrimination, harassment, and reprisal, resulting in a hostile-work environment.

30.     On February 10, 2010, PRYOR received a letter signed by Thomas Cappello, a Caucasian male, Facility Director.  The letter was dated February 5, 2010.  The letter reduced PRYOR's proposed termination from employment to a 5-day suspension in exchange for PRYOR signing away her rights to file EEOCs and Grievances.

31.     On February 25, 2010, PRYOR filed a Charge of Discrimination against Cappello and the VA on the bases of racial discrimination, harassment, and reprisal, resulting in a hostile-work environment.

5

32.     On February 26, 2010, Perryman informed PRYOR that she needed to give up her right to file Grievances and that she needed to rescind her Charges of Discrimination or "further action" would be taken against PRYOR.

33.     On April 13, 2010, PRYOR emailed Cappello, Perryman, and LeAnne Whitlow, a Caucasian female, Associate Director of Nursing, regarding the unjustified denial of PRYOR's step increases, bonuses, proficiency evaluations, and midterm evaluations for the previous two years.

34.     On April 15, 2010, Perryman proposed a 21-day suspension for PRYOR.

35.     On May 6, 2010, P RYOR participated in an EEO proceeding against Perryman and the VA, Agency Case No. 2001-0573-2009104805.

36.     On June 21, 2010, PRYOR sustained cervical spine work-related injuries while working in her office, a workspace that has twice been evaluated and both times deemed nonfunctional and unsafe. The "office" is a small closet, approximately 3-feet wide.

37.     On June 25, 2010, PRYOR requested the reasonable accommodation of being moved into a functional workspace where PRYOR would be less likely to get injured again. PRYOR's request was ignored by the VA.

38.     On July 2, 2010, PRYOR informed Perryman that she was starting 45 days of Continuation of Pay due to PRYOR's disability from her work injuries.

39.     On July 30, 2010, PRYOR filed a Charge of Discrimination against Perryman and the VA on the bases of racial discrimination, harassment, and reprisal, resulting in a hostile-work environment.

6

40.     On August 3, 2010, PRYOR filed a claim for workers' compensation.

41.     On August 6, 2010, Cappello issued PRYOR a 21-day suspension, starting August 30, 2010, and ending September 19, 2010.

42.     On August 16, 2010, PRYOR filed a Charge of Discrimination against Cappello and the VA on the bases of racial discrimination and reprisal.

43.     On September 14, 2010, PRYOR's claim for workers' compensation was approved.

44.     On September 17, 2010, PRYOR's check was not deposited in her bank as it normally is by the VA.

45.     On September 24, 2010, Perryman deleted information and replaced false information in PRYOR's DOL/OWCP application to receive workers' compensation payments.

46.     On October 16, 2010, PRYOR participated in an EEO proceeding against Cappello and the VA.

47.     On October 22, 2010, Perryman proposed that PRYOR be terminated.

48.     On March 18, 2011, PRYOR participated in an EEO proceeding against the VA, Agency Case No. 2001-V108-2010102219.

49.     On July 22, 2011, PRYOR was issued a proposed discharge.

50.     On January 30, February 1, and February 9, 2012, PRYOR filed Charges of Discrimination against the VA for failure to provide PRYOR with a reasonable accommodation.

7

51.     On February 24, 2012, PRYOR was discharged.

52.     On March 15, 2012, PRYOR filed a Charge of Discrimination against the VA, alleging her termination from employment was based on racial discrimination and reprisal for her prior EEO activity.

53.     On October 16, 2012, PRYOR participated in an EEO Proceeding against VA, Agency Case No. 2001-0573-2012101763.

**COUNT I**
**Unlawful Discrimination Based on Race in Violation of**
**42 U.S.C. § 2000(e)(2) of the Civil Rights Act of 1964 (hereinafter "Title VII")**

54.     PRYOR re-alleges and, by reference, incorporates all relevant allegations contained in paragraphs 7 through 53, above, as if fully set forth herein.

55.     PRYOR, as an African-American employee, was entitled to protection under 42 U.S.C. § 2000(e) *et seq*., of Title VII, and should not have been treated any worse than Caucasian employees.

56.     The disparate treatment, described herein, was because of PRYOR's race. The VA and/or its agents engaged in discriminatory acts with malice or with reckless indifference to PRYOR's federally-protected rights. The discriminatory practice of the VA and/or its agents has materially affected the terms and conditions of PRYOR's employment.

57.     The reasons given by the VA and/or its agents for the decision to terminate PRYOR's employment are a pretext for racial discrimination against PRYOR.

58.     As a direct and proximate result of these violations of her rights, PRYOR further alleges that she has suffered and will continue to suffer economic damages and is

8

entitled to compensatory damages including, but not limited to: Loss of actual and potential income, emotional distress, mental anguish, mental pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation, and loss of savings.

59.     As a result of the discriminatory actions by the VA and/or its agents, PRYOR has been forced to hire an attorney to protect her rights and, as such, is entitled to recover attorney fees and costs for bringing this action.

<b>COUNT II</b><br><b>Unlawful Reprisal Termination in Violation of 42 U.S.C. §2000(e)(3) of Title VII</b>

60.     The allegations in paragraphs 7 through 53, above, are incorporated by reference, as if set forth fully herein.

61.     This is a complaint for reprisal based on a prior charge of race-based discrimination that PRYOR filed against the VA.

62.     The disparate treatment, described herein, was because PRYOR previously filed Charges of Discrimination, constituting protected activity. The VA and/or its agents engaged in discriminatory acts with malice or with reckless indifference to PRYOR's federally-protected rights. The discriminatory practice of the VA and/or its agents has materially affected the terms and conditions of PRYOR's employment.

63.     As a direct and proximate result of these violations of her rights, PRYOR further alleges that she has suffered lost wages, emotional distress, mental anguish, humiliation, loss of dignity, injury to reputation, and loss of savings and benefits.

9

64.     As a result of the discriminatory actions by the VA and/or its agents, PRYOR has been forced to hire an attorney to protect her rights and, as such, is entitled to recover attorney fees and costs for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THEDA PRYOR, respectfully demands judgment against Defendant, Eric K. Shinseki, Secretary, United States Department of Veterans Affairs, and requests this Honorable Court for entry of an Order making PRYOR whole by awarding her the following relief:

A.     Front pay in an amount this Court deems appropriate, or, alternatively, directing the VA to reinstate PRYOR to her former position or to another comparable position;

B.     Actual damages in an amount to be determined at trial;

C.     Compensatory damages in an amount to be determined at the time of trial

D.     All attorney fees and costs of this action; and

E.     Any other and further relief this Court deems just and equitable.

PRYOR respectfully requests a trial by jury.

**VERIFICATION**

I affirm under the penalty of perjury that the foregoing document is true and correct

to the best of my personal knowledge, information and belief.

*Theda Pryor*
THEDA PRYOR


Respectfully submitted,

*Gary Lee Printy*
GARY LEE PRINTY
FL BAR ID NO.  363014
ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211
Email: attygaryprinty@embarqmail.com

Attorney for Plaintiff,
THEDA PRYOR

11